**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CURA INDUSTRIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUNNY MAKHIJANI and MY FOOT PODIATRY PLLC, <br><br> Defendants. | Case No.: 4:26-cv-04079-CCT <br><br><br> **DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)** |

Defendants Sunny Makhijani ("Dr. Makhijani") and My Foot Podiatry PLLC ("My Foot"), by and through their undersigned counsel, submit this brief in support of their Motion to Dismiss Pursuant to Federal Rule 12(b)(2) for lack of personal jurisdiction.

## I.     INTRODUCTION

This court lacks jurisdiction over Dr. Makhijani and My Foot. Dr. Makhijani is a resident of New York and is only licensed to practice medicine in New York. My Foot is incorporated in New York and only provides services in New York. Neither of the Defendants have contacts or other ties with South Dakota, and the Complaint does not identify any activity by Defendants in South Dakota or directed to South Dakota. Plaintiff has not established that Defendants have any contacts, let alone sufficient minimum contacts, with South Dakota to allow this Court to exercise personal jurisdiction over Defendants consistent with due process and traditional notions of fair play and substantial justice. As such, Plaintiff's claims against Defendants should be dismissed.

## II.   BACKGROUND

Defendants are citizens of New York and do business in New York. (Declaration of Sunny Makhijani at ¶¶ 2 and 3.) Defendants do not do business in South Dakota and cannot do business in South Dakota because they do not have the required South Dakota licensure to practice medicine in this state. (*Id.*) In January 2025, Dr. Makhijani engaged a New York City medical provider and distributor of medical products, Stella Sweeney of NYC Wound, to procure certain medical products for Dr. Makhijani to use in his practice in New York. (*Id.* at ¶ 4.) Ms. Sweeney completed order forms to order these products from Plaintiff. Defendants did not sign a contract with Plaintiff. (*Id.* at ¶¶ 4 and 5.)

On March 17, 2026, Plaintiff filed its Complaint in Union County, South Dakota and served a copy of the same on April 1, 2026. The Complaint alleges that Plaintiff's principal place of business is located in Union County, South Dakota. However, the Complaint alleges no facts or legal basis as to the propriety of jurisdiction and venue in Union County. The Complaint alleges that there was an "Agreement" and that it calls for South Dakota law to govern this dispute. However, it is notable that such purported agreement is not attached to the Complaint and no written contractual provisions are cited in the Complaint. Regardless, the Complaint does not (and cannot) make any allegations as to either of Defendants' contacts with the State of South Dakota to provide a basis for this court to have personal jurisdiction over Defendants.

## III.   LEGAL STANDARD

To withstand a motion to dismiss a claim for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendant] can be subjected to jurisdiction within the state" under the State's long-arm statute and consistent with due process requirements. *Block Industries v. DHJ Industries, Inc.*, 495

F.2d 256, 259 (8th Cir. 1974). The South Dakota long-arm statute confers jurisdiction to the fullest extent allowed by the Due Process Clause of the United States Constitution. *Id.* at 259. Therefore, this court only needs to consider whether the exercise of personal jurisdiction on the record before it satisfies the limits of constitutional due process. *Dakota Industries v. Ever Best Ltd.*, 28 F.3d 910, 914 (8th Cir. 1994). The party seeking to establish the court's personal jurisdiction over the defendant has the burden of showing a prima facie case of jurisdiction. *Davis v. Otten*, 978 N.W.2d 358, 363 (S.D. 2022).

### IV. ARGUMENT

"Personal jurisdiction exists only if the defendant has sufficient 'minimum contacts' with the forum state which are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice." *Burke v. Roughrider, Inc.*, 2007 DSD 20, ¶ 6 (D.S.D. Aug. 29, 2007). "Due process requires that a defendant have 'minimum contacts' with the State such that maintaining the suit 'does not offend traditional notions of fair play and substantial justice.'" *Huff v. City of Brookings Police Dep't, 2002 U.S. Dist. LEXIS 121030 at \*9-14 (D.S.D. July 6, 2022)*; *Soo L. R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528-29 (8th Cir. 1991). This requirement "forecloses personal jurisdiction unless the actions of the defendant *himself* created a substantial connection with the forum State." *Huff*, LEXIS 121030, at \*11.

There are two theories for evaluating minimum contacts: specific jurisdiction and general jurisdiction. *Burke v. Roughrider, Inc.*, 2007 DSD 20 at ¶ 6. Specific jurisdiction can only be found if the controversy is "related to or 'arises out of'" the defendant's contacts with the forum state. *Id*. (internal citations omitted). General jurisdiction exists where the contacts between the defendant and the forum state are "continuous and systematic" even if there is no relationship between the

contacts and the cause of action. *Id*. "Both theories of personal jurisdiction require 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id*. (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

In assessing personal jurisdiction over an out-of-state resident, this court generally considers: (i) the nature and quality of the defendant's contacts with South Dakota, (ii) the quantity of her contacts with this state, (iii) the relation of the cause of action to the contacts, (iv) the interest of South Dakota in providing a forum for its residents, and (v) the convenience of the parties (with the latter two issues being secondary to the first three). *Id.* at *12. For a non-resident, the "defendant's conduct and connection with the forum state must be such that [he] 'should reasonably anticipate being haled into court there." *Id.* at *11. "Reasonable anticipation" requires that there be "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at *11-12. "When judging minimum contacts, a court should focus on 'the relationship among the defendant, the forum, and the litigation.'" *Id.* at *12.

"If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). "The Court long ago rejected the notion that personal jurisdiction might turn on …conceptualistic … theories on the place of contracting or of performance." *Id*. (internal citations and quotations omitted).

Here, Defendants sought medical products and engaged a local distributor from New York City to procure the same. Unbeknownst to Defendants at the time, the supplier of such products

found by the distributor, Plaintiff, happens to reside in South Dakota. Such downstream connection with Plaintiff does not constitute a contact with the State of South Dakota and falls well short of the purposeful-availment requirement. It would be completely unreasonable and substantially unjust to hale Defendants into a South Dakota court based on these circumstances. As such, Plaintiff has not and cannot meet its burden in establishing personal jurisdiction over Defendants. Therefore, the case should be dismissed.

## V.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the case be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

Dated this 8th day of May, 2026.

BALLARD SPAHR LLP


By:  /s/ *Timothy R. Rahn*
　　　Timothy R. Rahn (4871)
　　　101 South Reid Street, Suite 302
　　　Sioux Falls, SD  57103
　　　Telephone:  (605) 978-5200
　　　Email: rahnt@ballardspahr.com
　　　*Attorneys for Defendants*